RECEIPT # 57961
AMOUNT $ 150.00
SUMMONS ISSUED No-
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. Kim Abaid
DATE 11/24/03

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| COCO RAYNES, | ) | |
| | ) | MAGISTRATE JUDGE Cohen |
| Plaintiff, | ) | |
| | ) | |
| | ) | CIVIL ACTION NO. _____ |
| v. | ) | |
| | ) | *(Pending Transfer to In Re: Baycol* |
| BAYER CORPORATION, | ) | *Products Litigation, MDL No. 1431* |
| | ) | *(D. Minn. ))* |
| Defendant. | ) | |
| | ) | 03-12364RCL |

## NOTICE OF REMOVAL

TO: United States District Court
for the District of Massachusetts

Defendant Bayer Corporation ("Bayer"), pursuant to 28 U.S.C. §§ 1441 and 1446 and Local Rule 81.1, hereby notifies this Court that this action has been removed from the Trial Court of Massachusetts, Superior Court Department, County of Suffolk to the United States District Court for the District of Massachusetts. As grounds therefore, Bayer states:

1. On or about August 12, 2003, plaintiff Coco Raynes ("Plaintiff") commenced this action in the Trial Court of Massachusetts, Superior Court Department, County of Suffolk, by filing a complaint captioned Coco Raynes v. Bayer Pharmaceuticals, Inc., Civil Action No. 03-3880 (the "Suffolk Case").

2. Plaintiff initially named Bayer Pharmaceuticals, Inc., a non-existent corporate entity, as the sole defendant. On November 7, 2003, prior to effecting service of process, the

Plaintiff filed an Amended Complaint substituting Bayer Corporation for Bayer Pharmaceuticals, Inc. as the only named defendant.

3. The Suffolk Case is a civil action in which the Plaintiff seeks money damages from Bayer for personal injuries allegedly sustained as a result of her ingestion of Baycol, a prescription medication previously marketed by Bayer. On December 18, 2001, the Judicial Panel on Multi-District Litigation ("JPML") issued and order establishing an MDL proceeding for Baycol-related lawsuits pending in the federal courts. See In re Baycol Prods. Liab. Litig., 180 F. Supp. 2d 1378 (J.P.M.L. 2001). Since then, thousands of Baycol-related cases have been transferred by the JPML to the United States District Court for the District of Minnesota. Defendant Bayer intends to notify the JMPL that this action is a "tag-along" case that should be transferred to the MDL proceeding in the District of Minnesota.

4. On November 7, 2003, Plaintiff served a Summons, Amended Complaint, and Tracking Order upon Bayer through its counsel, Choate, Hall & Stewart, which agreed to accept service on behalf of Bayer. A true copy of the Summons, Amended Complaint, and Tracking Order is attached hereto as Exhibit A. Pursuant to Local Rule 81.1(a), Bayer will file a certified or attested copy of all records and proceedings in the Massachusetts Superior Court action and a certified or attested copy of all docket entries therein, including a copy of this Notice of Removal, with this Court within thirty (30) days after filing of this Notice.

5. The Summons, Amended Complaint, and initial Tracking Order represent all process and pleadings served on Bayer by the Plaintiff. To Bayer's knowledge, no hearings or proceedings have taken place in this action as of yet.

6. Removal is appropriate because there is complete diversity of citizenship and the jurisdictional amount is satisfied.

7. At the time the Amended Complaint was filed, Plaintiff was and is now a resident of Boston, Massachusetts. At the time the Amended Complaint was filed, Bayer was and is now an Indiana corporation with its principal place of business in the Commonwealth of Pennsylvania.

8. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332 because: (a) Plaintiff alleges personal injuries and damages resulting from Plaintiff's ingestion of Baycol; (2) the Plaintiff's alleged injuries, if proven, reasonably would result in damages in an amount in excess of $75,000, exclusive of interest and costs; and, (c) this suit involves a controversy between citizens of different states.

9. Plaintiff contends that Bayer is liable not only for "injuries" allegedly sustained as a result of Plaintiff's use of Baycol, but also for "attorney fees." Amended Complaint, ¶¶ 6, 12, 14. Plaintiff alleges that she "suffered muscle atrophy, could not walk and had left arm weakness." See Letter from Marc S. Alpert to Raymond O'Brien at 1 (Nov. 7, 2003), a true and accurate copy of which is attached hereto as Exhibit B. Given the sum of Plaintiff's allegations, the amount in controversy exceeds the jurisdictional amount necessary to support diversity jurisdiction.

10. Because Plaintiff has diverse citizenship from Bayer and the amount in controversy exceeds $75,000, exclusive of interest and costs, the removal of this case to federal court is proper on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1441(a).

11. Bayer is filing this Notice of Removal within thirty (30) days of its receipt of the Summons and Amended Complaint in the Suffolk Case, as required by 28 U.S.C. § 1446(b).

**WHEREFORE**, Bayer respectfully notifies this Court that this action has been removed from the Trial Court of Massachusetts, Superior Court Department, County of Suffolk, to the United States District Court for the District of Massachusetts.

BAYER CORPORATION

By its attorneys,

*/s/ Raymond O'Brien/*

Brian A. Davis (BBO No. 546462)
Raymond A. O'Brien (BBO No. 629753)
CHOATE, HALL & STEWART
Exchange Place
53 State Street
Boston, MA 02109
Tele: 617-248-5000

Date: November 24, 2003
3599424.1

I HEREBY CERTIFY THAT A TRUE COPY OF THE ABOVE DOCUMENT WAS SERVED UPON THE ATTORNEY OF RECORD FOR EACH OTHER PARTY BY MAIL/HAND ON: 11/24/03