UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| COCO RAYNES, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| | ) | CIVIL ACTION NO. 03-12364-RCL |
| v. | ) ) | |
| BAYER CORPORATION, | ) ) ) ) ) | *(Pending Transfer to In Re: Baycol Products Litigation, MDL No. 1431 (D. Minn.))* |
| Defendant. | ) ) | |

### ANSWER OF DEFENDANT BAYER CORPORATION
### TO PLAINTIFF'S AMENDED COMPLAINT

Defendant Bayer Corporation ("Bayer"), by its attorneys, hereby answers plaintiff Coco Raynes's ("Plaintiff") Amended Complaint filed against it in the above-captioned action as follows:

### Count I

1. Bayer admits that Plaintiff is a resident of Boston, Massachusetts. Bayer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1 of the Amended Complaint.

2. Bayer admits that it is a corporation and that, prior to August 8, 2001, Bayer marketed Baycol® in the United States. Bayer denies the remaining allegations contained in Paragraph 2 of the Amended Complaint.

3. Bayer is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Amended Complaint.

4. Bayer denies the allegations contained in Paragraph 4 of the Amended Complaint.

5. Because the allegations contained in Paragraph 5 of the Amended Complaint are vague and ambiguous, Bayer is without knowledge or information sufficient to form a belief as to the truth of those allegations, except that Bayer denies that Plaintiff was damaged and/or sustained any injuries as a result of the alleged use of Baycol® as sold by Bayer or any act or omission of Bayer.

6. Bayer states that Paragraph 6 of the Amended Complaint sets forth various legal conclusions to which no response by Bayer is required. To the extent that a response is required, Bayer denies the allegations in Paragraph 6, and denies that Plaintiff suffered any injuries and/or damages as a result of the alleged use of Baycol® as sold by Bayer or any act or omission of Bayer.

7. Bayer states that Paragraph 7 of the Amended Complaint sets forth various legal conclusions to which no response by Bayer is required. To the extent that a response is required, Bayer denies that Plaintiff suffered any injuries and/or damages as a result of the alleged use of Baycol® as sold by Bayer or any act or omission of Bayer, and denies that Plaintiff is entitled to judgment in any amount or to interest, costs, attorney fees, or any other form of relief.

## Count II

8. Bayer admits that Plaintiff is a resident of Boston, Massachusetts. Bayer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 8 of the Amended Complaint.

9. Bayer admits that it is a corporation and that, prior to August 8, 2001, Bayer marketed Baycol® in the United States. Bayer denies the remaining allegations contained in Paragraph 9 of the Amended Complaint.

10. Bayer is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Amended Complaint.

11. Bayer denies the allegations contained in Paragraph 11 of the Amended Complaint.

12. Because the allegations contained in Paragraph 12 of the Amended Complaint are vague and ambiguous, Bayer is without knowledge or information sufficient to form a belief as to the truth of those allegations, except that Bayer denies that Plaintiff was damaged and/or sustained any injuries as a result of the alleged use of Baycol® as sold by Bayer or any act or omission of Bayer.

13. Bayer states that Paragraph 13 of the Amended Complaint sets forth various legal conclusions to which no response by Bayer is required. To the extent that a response is required, Bayer denies the allegations in Paragraph 13, and denies that Plaintiff suffered any injuries and/or damages as a result of the alleged use of Baycol® as sold by Bayer or any act or omission of Bayer.

14. Bayer states that Paragraph 14 of the Amended Complaint sets forth various legal conclusions to which no response by Bayer is required. To the extent that a response is

required, Bayer denies that Plaintiff suffered any injuries and/or damages as a result of the alleged use of Baycol® as sold by Bayer or any act or omission of Bayer, and denies that Plaintiff is entitled to judgment in any amount or to interest, costs, attorney fees, or any other form of relief.

### Count III

15.  Bayer repeats and incorporates herein by reference its responses to Paragraphs 1 through 6 of the Amended Complaint.

16.  Bayer is without knowledge or information sufficient to form a belief as to the truth of the statements contained in the first and second sentences in Paragraph 16 of the Amended Complaint, except that Bayer denies that it is liable to Plaintiff under Mass. Gen. Laws c. 93A or otherwise. Answering further, Bayer states that the last sentence of Paragraph 16 sets forth various legal conclusions to which no response by Bayer is required. To the extent that a response is required, Bayer denies the allegations in the last sentence in Paragraph 16.

17.  Bayer denies all allegations in the Amended Complaint unless those allegations are expressly admitted in this Answer.

### First Additional Defense

Plaintiff's Amended Complaint, and each and every count contained therein, fails to state a cause of action or claim against Bayer upon which relief can be granted.

### Second Additional Defense

Some or all of Plaintiff's claims against Bayer are barred by applicable statutes of limitations and/or repose.

### Third Additional Defense

Plaintiff's claims against Bayer are barred by the doctrines of laches, waiver and/or estoppel.

### Fourth Additional Defense

Plaintiff's claims against Bayer are barred, in whole or in part, by Plaintiff's failure to mitigate alleged damages.

### Fifth Additional Defense

If Plaintiff sustained the injuries or incurred the expenses as alleged, which is expressly denied, said injuries or expenses were directly and proximately caused by the negligence or fault of parties other than Bayer, whether named or unnamed in Plaintiff's Amended Complaint, over whom Bayer had no supervision or control and for whose actions and omissions Bayer has no legal responsibility. Plaintiff's recovery, if any, therefore should be apportioned in accordance with the applicable law.

### Sixth Additional Defense

The injuries and damages claimed by Plaintiff, if any, resulted from an intervening or superseding cause and/or causes, and any act or omission on the part of Bayer was not the proximate and/or competent producing cause of such alleged injuries and damages.

### Seventh Additional Defense

If Plaintiff suffered injuries as alleged in the Amended Complaint, which is expressly denied, such injuries arose from, and were caused by, risks, hazards, and dangers knowingly assumed by Plaintiff. Plaintiff's recovery accordingly is barred or should be reduced by Plaintiff's assumption of the risk.

### Eighth Additional Defense

Baycol® is a prescription pharmaceutical which was available only upon the prescription of a licensed physician, and persons other than Bayer, including Plaintiff's treating physicians and health care personnel and institutions, stood in the position of learned intermediary between Bayer and Plaintiff. The claims in the Amended Complaint against Bayer accordingly are barred in whole or in part by the learned intermediary doctrine.

### Ninth Additional Defense

Plaintiff's recovery is barred and/or should be reduced under the applicable law because of Plaintiff's contributory negligence and/or contributory fault.

### Tenth Additional Defense

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted against Bayer in that the methods, standards, and techniques utilized with respect to the design, manufacture, marketing and sale of the prescription drug Baycol®, including adequate warnings and instructions with respect to the product's use included in the product's package insert and other literature, conformed to the applicable state of the art, and the product was designed, manufactured, marketed and sold in a reasonable and prudent manner based upon available medical and scientific knowledge.

### Eleventh Additional Defense

Plaintiff's claims are barred as a matter of law pursuant to Restatement (Second) of Torts § 402A, comment k.

### Twelfth Additional Defense

The prescription drug Baycol® complied with the applicable product safety regulations promulgated by the United States Food and Drug Administration (the "FDA"). Compliance

with such regulations demonstrates that due care was exercised with respect to the design, manufacture, testing, marketing and sale of this prescription drug, and that it was neither defective nor unreasonably dangerous.

### Thirteenth Additional Defense

Plaintiff's claims are preempted, in whole or in part, by federal law pursuant to the Supremacy Clause of the United States Constitution because of the federal regulation of prescription drug manufacturing, testing, marketing, and labeling.

### Fourteenth Additional Defense

If Plaintiff sustained the injuries or incurred the expenses as alleged, which is expressly denied, said injuries or expenses were caused by the unforeseeable alteration, improper handling, or other unforeseeable misuse of the prescription drug Baycol®.

### Fifteenth Additional Defense

Any claims by Plaintiff relating to alleged communications with regulatory agencies of the United States government are barred in whole or in part by operation of applicable law, including First Amendment rights to petition the government.

### Sixteenth Additional Defense

The alleged injuries and damages, if any, were the result of unavoidable circumstances that could not have been prevented by any person, including Bayer.

### Seventeenth Additional Defense

Plaintiff's Amended Complaint fails to join indispensable parties necessary for the just adjudication of this matter.

### Eighteenth Additional Defense

Plaintiff's Amended Complaint fails to state a claim against Bayer upon which relief can be granted as to costs, attorneys' fees, pre-judgment interest, and post-judgment interest.

### Nineteenth Additional Defense

Plaintiff's claims are barred in whole or in part because the commercial speech relating to Baycol® was not false or misleading and is protected under the First Amendment of the United States Constitution and Article 16 of the Massachusetts Declaration of Rights.

### Twentieth Additional Defense

Plaintiff's claims regarding warnings and labeling are barred in whole or in part by the doctrine of primary jurisdiction, in that the FDA is charged under law with determining the content of warnings and labeling for prescription drugs.

### Twenty-First Additional Defense

Plaintiff cannot state a claim with regard to warnings and labeling for prescription drugs because the remedy sought by Plaintiff is subject to the exclusive regulation of the FDA.

### Twenty-Second Additional Defense

This court should abstain from adjudicating Plaintiff's claims relating to warnings and labeling in deference to the interpretation of regulations relating to prescription drug labeling by the FDA.

### Twenty-Third Additional Defense

Upon information and belief, each item of economic loss alleged in the Amended Complaint was, or with reasonable certainty will be, replaced or indemnified in whole or in part by collateral sources.

### Twenty-Fourth Additional Defense

Plaintiff did not detrimentally rely on any labeling, warnings or information concerning Baycol®.

### Twenty-Fifth Additional Defense

Plaintiff's alleged injuries and damages, if any, were the result of an idiosyncratic reaction which Bayer could not reasonably foresee.

### Twenty-Sixth Additional Defense

Plaintiff's claims for breach of warranty are barred because Plaintiff failed to give timely notice of any alleged breach of warranty.

### Twenty-Seventh Additional Defense

Bayer did not sell or distribute the prescription drug Baycol® directly to Plaintiff, and Plaintiff did not receive or rely upon any representations or warranties as alleged in the Amended Complaint. Plaintiff's claims are barred by lack of privity between Plaintiff and Bayer.

### Twenty-Eighth Additional Defense

Plaintiff's claims for breach of warranty are barred by the applicable provisions of the Massachusetts Uniform Commercial Code, Mass. Gen. Laws c. 106, §§ 1-101 *et seq.*

### Twenty-Ninth Additional Defense

Plaintiff's Amended Complaint fails to state a claim for unlawful conduct under Mass. Gen. Laws c. 93A because Bayer completely complied with the applicable law in connection with the marketing and sale of Baycol®.

### Thirtieth Additional Defense

Plaintiff's Amended Complaint fails to state a claim for misleading or unfair advertising or for deceptive business practices under Mass. Gen. Laws c. 93A because Bayer's labeling and advertising for Baycol® was not misleading, unfair or deceptive.

### Thirty-First Additional Defense

Plaintiff's claims are barred in whole or in part because Mass. Gen. Laws c. 93A is insufficiently definite to provide adequate or fair notice of the conduct proscribed, in violation of the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Articles 1, 10 and 12 of the Massachusetts Declaration of Rights.

### Thirty-Second Additional Defense

Plaintiff's claims are barred in whole or in part because Mass. Gen. Laws c. 93A unconstitutionally burdens interstate business practices relating to prescription drugs, which are heavily regulated by the FDA.

### Thirty-Third Additional Defense

To the extent that Plaintiff's Amended Complaint sets forth a claim pursuant to Mass. Gen. Laws c. 93A, any such claim fails because Plaintiff has not satisfied the statutory procedural requirements.

### Thirty-Fourth Additional Defense

Bayer reserves the right to amend its answer and separate and additional defenses to conform to such facts as may be revealed in discovery or otherwise.

### Jury Demand

Bayer demands a trial by jury of all issues so triable in this action.

WHEREFORE, Bayer requests that this Court dismiss Plaintiff's Amended Complaint with prejudice, that judgment be entered in favor of Bayer and against Plaintiff with respect to all of Plaintiff's claims against Bayer, and that Bayer be awarded the costs of this action, together with such other and further relief as may be appropriate.

        BAYER CORPORATION

        By its attorneys,

        */s/ Raymond O'Brien*
        Brian A. Davis (BBO No. 546462)
        Raymond A. O'Brien (BBO No. 629753)
        CHOATE, HALL & STEWART
        Exchange Place
        53 State Street
        Boston, MA 02109
        Tele: 617-248-5000

Date: November 24, 2003

3626217_1.DOC

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Answer of Defendant Bayer Corporation was served upon the following counsel of record by first class mail, postage prepaid, this 24th day of November, 2003:

>Marc S. Alpert, Esq.
>Marc S. Alpert, P.C.
>50 Congress Street, Suite 225
>Boston, Massachusetts 02109

_____
Raymond A. O'Brien

3626217_1.DOC