```
MAS-20030912                    Commonwealth of Massachusetts              11/25/2003
barney                          SUFFOLK SUPERIOR COURT                     02:53 PM
                                     Case Summary
                                     Civil Docket
```



# SUCV2003-03880
## Raynes v Bayer Pharmacuticals, Inc

2003 DEC -3 A 11: 45

| File Date | 08/12/2003 | Status | Disposed: transfered to other court (dtrans) |
|---|---|---|---|
| Status Date | 11/24/2003 | Session | F - Civil F |
| Origin | 1 | Case Type | B05 - Products liability |
| Lead Case | | Track | A |

| Service | 11/10/2003 | Answer | 01/09/2004 | Rule12/19/20 | 01/09/2004 |
|---|---|---|---|---|---|
| Rule 15 | 11/04/2004 | Discovery | 09/30/2005 | Rule 56 | 11/29/2005 |
| Final PTC | 03/29/2006 | Disposition | 08/11/2006 | Jury Trial | Yes |

### PARTIES

**Plaintiff**
Coco Raynes
Active 08/12/2003

**Private Counsel 016420**
Marc S Alpert
50 Congress Street
Suite 225
Boston, MA 02109
Phone: 617-227-2380
Fax: 617-367-8840
Active 08/12/2003 Notify

**Defendant**
Bayer Pharmacuticals, Inc
Served: 11/07/2003
Served (answr pending) 11/10/2003

**Private Counsel 546462**
Brian A Davis
Choate Hall & Stewart
53 State Street
Exchange Place
Boston, MA 02109-2891
Phone: 617-248-5000
Fax: 617-248-4000
Active 11/24/2003 Notify

**Private Counsel 629753**
Raymond A O'Brien
Choate Hall & Stewart
53 State Street
Exchange Place
Boston, MA 02109
Phone: 617-248-5000
Fax: 617-248-4000
Active 11/24/2003 Notify

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 08/12/2003 | 1.0 | Complaint filed with request for trial by jury |
| 08/12/2003 | | Origin 1, Type B05, Track A. |
| 08/12/2003 | 2.0 | Civil action cover sheet filed |
| 11/10/2003 | 3.0 | SERVICE RETURNED: Bayer Pharmacuticals, Inc(Defendant) (In hand on 11/7/03) |
| 11/10/2003 | 4.0 | Amended complaint of Coco Raynes |
| 11/24/2003 | | Certified copy of Petition for removal to US Dist Court of deft Bayer Corp (US Dist#03-3880) |
| 11/24/2003 | | Case REMOVED this date to US District Court of Massachusetts |

### EVENTS

Case 1:03-cv-12364-RCL     Document 3     Filed 12/03/2003     Page 2 of 13

MAS-20030912
barney

**Commonwealth of Massachusetts**
SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket

11/25/2003
02:53 PM

### SUCV2003-03880
### Raynes v Bayer Pharmacuticals, Inc

**EVENTS**

I HEREBY ATTEST AND CERTIFY ON
Nov. 25, 2003, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
Asst. Clerk.

*1*

03-3880 F

Commonwealth of Massachusetts
Suffolk, SS                    Superior Court #

Coco Raynes, Plaintiff
v.
Bayer Pharmaceuticals, Inc., Defendant

Complaint – Jury Trial Demanded

1. Plaintiff Raynes is a resident of 314 Dartmouth Street, Boston, MA

2. Bayer Pharmaceuticals, Inc. is a corporation that developed, manufactured and/or marketed a drug known as Baycol.

3. Plaintiff Raynes used said drug known as Baycol.

4. Baycol has been determined to be unsafe and to cause health hazards.

5. Plaintiff Raynes has been or may have been damaged and sustained injuries as a consequence.

6. Any such injuries and damages would be caused by the breach of implied warranty and/or negligence of defendant Bayer Pharmaceuticals, Inc.

7. Wherefore, plaintiff Raynes moves that judgment enter against defendant Bayer Pharmaceuticals, Inc. in the amount to be awarded plus interest and costs and attorney fees.

Plaintiff by her attorney,

Marc S. Alpert, BBO # 016420
Marc S. Alpert, P.C.
50 Congress St., suite 225
Boston, MA 02109-4002
Tel: 617 227-2380  Fax: 617 367-8840
e-mail: trepla4133@aol.com
1.

I HEREBY ATTEST AND CERTIFY ON
Nov. 25, 2003 THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
Asst. Clerk.

| CIVIL ACTION COVER SHEET | 03-3880 | Trial Court of Massachusetts Superior Court Department County: Suffolk |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Raynes | Bayer Pharmaceuticals, Inc. |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Alpert, Marc S. Alpert, P.C., 50 Congress St, suite 225 Boston 617 227-2380, Fax 617 367-8840 Board of Bar Overseers number: 016420 | ATTORNEY (if known) |

FILED CLERKS OFFICE

2003 DEC -3 A 11: 45

U.S. DISTRICT COURT DISTRICT OF MASS.

**Origin code and track designation**

Place an x in one box only:
- [X] F01 Original Complaint
- [ ] F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| | Product Liability | (A) | (XXX) Yes  ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
   1. Total hospital expenses .................................................. $
   2. Total Doctor expenses .................................................. $
   3. Total chiropractic expenses ............................................ $
   4. Total physical therapy expenses ........................................ $
   5. Total other expenses (describe) ........................................ $
   Subtotal $

B. Documented lost wages and compensation to date ............................ $
C. Documented property damages to date ....................................... $
D. Reasonably anticipated future medical and hospital expenses ............... $
E. Reasonably anticipated lost wages ......................................... $
F. Other documented items of damages (describe)
   $

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

   Damages not yet determined.
   $
   TOTAL $

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____  DATE: 8/8/05

AOTC-6 mtc005-11/99
A.O.S.C 1-2000

I HEREBY ATTEST AND CERTIFY ON Nov. 25, 2003 THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

By _____
Asst. Clerk.

# Commonwealth of Massachusetts

3

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 2003-03880

Coco Raynes , Plaintiff(s)

v.

Bayer Corporation , Defendant(s)

## SUMMONS

To the above-named Defendant: Bayer Corporation

You are hereby summoned and required to serve upon Marc S. Alpert

Marc S. Alpert

plaintiff's attorney, whose address is 50 Congress St, Boston MA , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at Boston, the 11 day of ____7____, in the year of our Lord two thousand C 3 .

*Michael Joseph Donovan*

Clerk/Magistrate

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT  (2) MOTOR VEHICLE TORT  (3) CONTRACT  (4) EQUITABLE RELIEF  (5) OTHER

FORM CIV.P. 1 3rd Rev. 30M 10/2000

**. HEREBY ATTEST AND CERTIFY ON**

**Nov. 25, 2003, THAT THE**
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY _____
/Asst. Clerk.

Commonwealth of Massachusetts
Suffolk, SS           Superior Court # 2003-03880

Coco Raynes, Plaintiff
v.
Bayer Corporation., Defendant

Amended Complaint – Jury Trial Demanded

Count I:
1. Plaintiff Raynes is a resident of 314 Dartmouth Street, Boston, MA

2. Bayer Corporation is a corporation that developed, manufactured and/or marketed a drug known as Baycol.

3. Plaintiff Raynes used said drug known as Baycol.

4. Baycol has been determined to be unsafe and to cause health hazards.

5. Plaintiff Raynes has been or may have been damaged and sustained injuries as a consequence.

6. Any such injuries and damages would be caused by the breach of implied warranty of defendant Bayer Corporation.

7. Wherefore, plaintiff Raynes moves that judgment enter against defendant Bayer Corporation. in the amount to be awarded plus interest and costs and attorney fees.

Count II:
8. Plaintiff Raynes is a resident of 314 Dartmouth Street, Boston, MA

9. Bayer Corporation is a corporation that developed, manufactured and/or marketed a drug known as Baycol.

10. Plaintiff Raynes used said drug known as Baycol.

11. Baycol has been determined to be unsafe and to cause health hazards.

12. Plaintiff Raynes has been or may have been damaged and sustained injuries as a consequence.

13. Any such injuries and damages would be caused by the negligence of defendant Bayer Corporation.

14. Wherefore, plaintiff Raynes moves that judgment enter against defendant Bayer Corporation. in the amount to be awarded plus interest and costs and attorney fees.

Count III: (reserved for chapter 93A)

15. Paragraphs one through six are herein incorporated by reference as if herewith written out in full.

16. This count is reserved for a chapter 93A charge. As of the time of filing, the Plaintiff lacks sufficient information to send a 93A demand letter with specificity. The statute of limitations has about two years left for a 93A count, and discovery and other sources should allow for either an amendment here or the filing of a second case and joinder.

Plaintiff by her attorney,

Marc S. Alpert, BBO # 016420
Marc S. Alpert, P.C.
50 Congress St., suite 225
Boston, MA 02109-4002
Tel: 617 227-2380  Fax: 617 367-8840
e-mail: trepla4133@aol.com

Certificate of service: I certify that on 11-7-03 a copy of this was hand-delivered to Raymond O'Brien, Choate Hall & Stewart, 53 State St. Boston, MA 02109.

I HEREBY ATTEST AND CERTIFY ON
Nov. 25, 2003, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
By:
Asst. Clerk.

Suffolk Superior Court
03-3880

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

FILED
2003 DEC -3 A 11:43
U.S. DISTRICT COURT
DISTRICT OF MASS.

I HEREBY ATTEST AND CERTIFY ON 11/24/03 THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE AND IN MY LEGAL CUSTODY.

TONY ANASTAS
CLERK, U.S. DISTRICT COURT
DISTRICT OF MASSACHUSETTS

By: _____

| | |
|---|---|
| COCO RAYNES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. _____ |
| v. ) | |
| ) | *(Pending Transfer to In Re: Baycol* |
| BAYER CORPORATION, ) | *Products Litigation, MDL No. 1431* |
| ) | *(D. Minn. ))* |
| Defendant. ) | |

03-12364RCL

**NOTICE OF REMOVAL**

MAGISTRATE JUDGE _Cohen_

TO:  United States District Court
     for the District of Massachusetts

Defendant Bayer Corporation ("Bayer"), pursuant to 28 U.S.C. §§ 1441 and 1446 and Local Rule 81.1, hereby notifies this Court that this action has been removed from the Trial Court of Massachusetts, Superior Court Department, County of Suffolk to the United States District Court for the District of Massachusetts. As grounds therefore, Bayer states:

1. On or about August 12, 2003, plaintiff Coco Raynes ("Plaintiff") commenced this action in the Trial Court of Massachusetts, Superior Court Department, County of Suffolk, by filing a complaint captioned <u>Coco Raynes v. Bayer Pharmaceuticals, Inc.</u>, Civil Action No. 03-3880 (the "Suffolk Case").

2. Plaintiff initially named Bayer Pharmaceuticals, Inc., a non-existent corporate entity, as the sole defendant. On November 7, 2003, prior to effecting service of process, the

Plaintiff filed an Amended Complaint substituting Bayer Corporation for Bayer Pharmaceuticals, Inc. as the only named defendant.

3. The Suffolk Case is a civil action in which the Plaintiff seeks money damages from Bayer for personal injuries allegedly sustained as a result of her ingestion of Baycol, a prescription medication previously marketed by Bayer. On December 18, 2001, the Judicial Panel on Multi-District Litigation ("JPML") issued and order establishing an MDL proceeding for Baycol-related lawsuits pending in the federal courts. See In re Baycol Prods. Liab. Litig., 180 F. Supp. 2d 1378 (J.P.M.L. 2001). Since then, thousands of Baycol-related cases have been transferred by the JPML to the United States District Court for the District of Minnesota. Defendant Bayer intends to notify the JMPL that this action is a "tag-along" case that should be transferred to the MDL proceeding in the District of Minnesota.

4. On November 7, 2003, Plaintiff served a Summons, Amended Complaint, and Tracking Order upon Bayer through its counsel, Choate, Hall & Stewart, which agreed to accept service on behalf of Bayer. A true copy of the Summons, Amended Complaint, and Tracking Order is attached hereto as Exhibit A. Pursuant to Local Rule 81.1(a), Bayer will file a certified or attested copy of all records and proceedings in the Massachusetts Superior Court action and a certified or attested copy of all docket entries therein, including a copy of this Notice of Removal, with this Court within thirty (30) days after filing of this Notice.

5. The Summons, Amended Complaint, and initial Tracking Order represent all process and pleadings served on Bayer by the Plaintiff. To Bayer's knowledge, no hearings or proceedings have taken place in this action as of yet.

6. Removal is appropriate because there is complete diversity of citizenship and the jurisdictional amount is satisfied.

7. At the time the Amended Complaint was filed, Plaintiff was and is now a resident of Boston, Massachusetts. At the time the Amended Complaint was filed, Bayer was and is now an Indiana corporation with its principal place of business in the Commonwealth of Pennsylvania.

8. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332 because: (a) Plaintiff alleges personal injuries and damages resulting from Plaintiff's ingestion of Baycol; (2) the Plaintiff's alleged injuries, if proven, reasonably would result in damages in an amount in excess of $75,000, exclusive of interest and costs; and, (c) this suit involves a controversy between citizens of different states.

9. Plaintiff contends that Bayer is liable not only for "injuries" allegedly sustained as a result of Plaintiff's use of Baycol, but also for "attorney fees." Amended Complaint, ¶¶ 6, 12, 14. Plaintiff alleges that she "suffered muscle atrophy, could not walk and had left arm weakness." See Letter from Marc S. Alpert to Raymond O'Brien at 1 (Nov. 7, 2003), a true and accurate copy of which is attached hereto as Exhibit B. Given the sum of Plaintiff's allegations, the amount in controversy exceeds the jurisdictional amount necessary to support diversity jurisdiction.

10. Because Plaintiff has diverse citizenship from Bayer and the amount in controversy exceeds $75,000, exclusive of interest and costs, the removal of this case to federal court is proper on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1441(a).

11. Bayer is filing this Notice of Removal within thirty (30) days of its receipt of the Summons and Amended Complaint in the Suffolk Case, as required by 28 U.S.C. § 1446(b).

WHEREFORE, Bayer respectfully notifies this Court that this action has been removed from the Trial Court of Massachusetts, Superior Court Department, County of Suffolk, to the United States District Court for the District of Massachusetts.

I HEREBY ATTEST AND CERTIFY ON Nov. 25, 2003, THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
Asst. Clerk.

BAYER CORPORATION

By its attorneys,

_____
Brian A. Davis (BBO No. 546462)
Raymond A. O'Brien (BBO No. 629753)
CHOATE, HALL & STEWART
Exchange Place
53 State Street
Boston, MA 02109
Tele: 617-248-5000

Date: November 24, 2003
3599424.1

I HEREBY CERTIFY THAT A TRUE COPY OF THE ABOVE DOCUMENT WAS SERVED UPON THE ATTORNEY OF RECORD FOR EACH OTHER PARTY BY MAIL/HAND ON: 11/24/03

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                                                                       SUPERIOR COURT

|  |  |
|---|---|
| COCO RAYNES, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 03-03880 |
| BAYER CORPORATION, | ) |
| Defendant. | ) |

## NOTICE OF FILING OF REMOVAL PAPERS

Defendant Bayer Corporation ("Bayer"), by its attorneys, hereby gives notice that it has filed in the United States District Court for the District of Massachusetts a Notice of Removal of this action. A certified copy of the Notice of Removal is attached hereto.

BAYER CORPORATION

By its attorneys,

_____
Brian A. Davis (BBO No. 546462)
Raymond A. O'Brien (BBO No. 629753)
CHOATE, HALL & STEWART
Exchange Place
53 State Street
Boston, MA 02109
Tele: 617-248-5000

Date: November 24, 2003
3627441_1.DOC

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Filing Removal Papers was served upon the following counsel of record by first class mail, postage prepaid, this 24th day of November, 2003:

>Marc S. Alpert, Esq.
>Marc S. Alpert, P.C.
>50 Congress Street, Suite 225
>Boston, Massachusetts 02109

_____
Raymond A. O'Brien

3627441_1.DOC