# CHOATE, HALL & STEWART
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

EXCHANGE PLACE
53 STATE STREET
BOSTON, MASSACHUSETTS 02109-2804
TELEPHONE (617) 248-5000 • FAX (617) 248-4000
WWW.CHOATE.COM

BRIAN A. DAVIS, P.C.

FILED
CLERKS OFFICE
2003 DEC 23 P 3: 22
U.S. DISTRICT COURT
DISTRICT OF MASS.

December 23, 2003

BY HAND DELIVERY

The Honorable Reginald C. Lindsay
United States District Court
 for the District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Boston, MA 02210

Re:   *Raynes v. Bayer Corporation*;
      Civil Action No. 03-12364-RCL

Dear Judge Lindsay:

This Firm represents Bayer Corporation ("Bayer") in the above-referenced matter. Bayer recently received notice of a scheduling conference, pursuant to Fed. R. Civ. P. 16(b) of the Federal Rules of Civil Procedure and Local Rule 16.1, to be held on January 29, 2004. For the reason set forth below, the parties believe that the scheduling conference will not be necessary at this time, and respectfully request that it be removed from the Court's calendar.

As you may know, this matter involves common questions of fact with actions previously consolidated under the Rules of Procedure of the Judicial Panel on Multidistrict Litigation ("RPJPML"). These previously transferred matters are currently pending before the Honorable Michael J. Davis of the U.S. District Court for the District of Minnesota (In Re Baycol Product Liability Litigation; MDL-1431). While this matter has not yet been transferred, Bayer requested a conditional transfer order for "tag-along actions" pursuant to Rule 7.4 of the RPJPML in a letter dated December 2, 2003 (attached hereto at Tab 1).

The parties have conferred pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.1(B). Given Bayer's request for a tag-along transfer order, and the strong likelihood that discovery will proceed in the MDL context, the parties believe that filing a Fed. R. Civ. P. 16(f) proposed discovery plan or a Joint Statement pursuant to Local Rule 16.1(D), or proceeding with a scheduling conference, would not be helpful to the Court or the parties at this time.

The Honorable Reginald C. Lindsay
December 23, 2003
Page 2

Accordingly, counsel for Bayer respectfully requests that the Court remove the January 29, 2004 scheduling conference from the Court's calendar, and relieve the parties of the aforementioned filing requirements. It goes without saying that the parties will defer to your judgment if the Court wishes to proceed with the conference as scheduled.

    Please do not hesitate to contact me should you have any questions or need any additional information.

                                  Very truly yours,

                                  Brian A. Davis

BAD:sr:3635646_1.DOC
Enclosure
cc:    Ms. Lisa Hourihan *(by hand, w/encl.)*
       Marc S. Alpert, Esq. *(by first-class mail, w/encl.)*